UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT
--------------------------------------------------------------------------X
ANA CANA and MARITZA PACA,                                 3:16-CV-00503

                          Plaintiffs,

              -against-


TIFFANY NAILS, LLC (d/b/a TIFFANY NAILS); JUNG
SOON PAEK, an individual; SONG HAK PAEK, an
individual; and JOHN DOES 1-5,

                          Defendants.
--------------------------------------------------------------------------X

## COMPLAINT

        Plaintiffs, ANA CANA and MARITZA PACA (collectively, "Plaintiffs"), by and through

their attorneys, VALLI KANE & VAGNINI LLP, and MITCHELL & SHEAHAN, P.C., bring

this action for damages and other legal and equitable relief from the Defendants, TIFFANY

NAILS, LLC (d/b/a TIFFANY NAILS), JUNG SOON PAEK, SONG HAK PAEK and JOHN

DOES 1-5 (collectively, "Defendants") and allege as follows:

## INTRODUCTION

        1.      This action is brought under the United States Fair Labor Standards Act, as

amended, 29 U.S.C. §§201 *et seq.*, Conn. Gen. Stat. § 31-71b.  (Connecticut Overtime Claims),

Conn. Gen. Stat. § 31-72 (the Connecticut Minimum Wage Act), State Unjust Enrichment, and 28

U.S.C. § 1981 against Defendants for their failure to pay minimum wage, failure to pay overtime

and unlawful discrimination and any other causes of action(s) that can be inferred herein.

2.      At all relevant times, Plaintiffs were nail technicians at Defendants' nail salon in Greenwich, Connecticut.

3.      Throughout the course of their employment, Plaintiffs were required to work long hours without receiving overtime premiums and without receiving the minimum wage for all hours worked in a workweek. Plaintiffs were also subjected to racial discrimination and disparate treatment by the Defendants.

4.      Plaintiffs, are non-exempt employees who are paid a day rate of pay and who do not receive minimum wage for all hours worked and proper overtime compensation for hours worked beyond forty (40) in a workweek.

5.      Defendants' regular failure to pay Plaintiffs for all hours worked over forty (40) in a workweek violates the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), Conn. Gen. Stat. § 31-72 and any other cause(s) of action that can be inferred from the facts set forth herein.

6.      Plaintiffs allege that they are entitled to recover: (i) unpaid and incorrectly paid wages for hours worked in a workweek, as required by law; (ii) unpaid overtime hours worked in a workweek; (iii) liquidated damages; (iv) attorneys' fees and costs pursuant to the FLSA and Connecticut law; and (v) further relief as this Court finds necessary and proper.

## JURISDICTION AND VENUE

7.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, which confers original jurisdiction upon this Court for actions arising under the laws of the United States, 28 U.S.C. § 1337, which confers original jurisdiction upon this Court for actions arising under any Act of Congress regulating commerce, 28 U.S.C. § 2201, which confers original jurisdiction upon the filing of an appropriate pleading seeking to declare the rights and other legal

relations of any interested party seeking such declaration, and 28 U.S.C. § 2202, conferring original jurisdiction concerning further necessary or proper relief based upon a declaratory judgment.

8.      The Court's supplemental jurisdiction is invoked pursuant to 28 U.S.C. § 1367(a), which confers supplemental jurisdiction over all non-federal claims arising from a common nucleus of operative facts such that they form part of the same case or controversy under Article III of the United States Constitution.

9.      Venue is proper in this Court pursuant to 29 U.S.C. §§ 201-219, in as much as this judicial district lies in a State and District in which the unlawful employment practices occurred. Venue is also proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) and (c), in that Defendants maintain offices, conduct business and reside in this district.

## **PARTIES**

10.     Plaintiff Ana Cana ("Cana") is a Hispanic citizen of New York and resides at 148-09 Northern Blvd, Flushing, New York 11354.

11.     Plaintiff Maritza Paca ("Paca") is a Hispanic citizen of New York and resides at 9917 37th Avenue, Corona, New York 11368.

12.     At all relevant times herein, Plaintiffs were "employee(s)" within the meaning of the FLSA and Connecticut law; specifically, Plaintiffs were nail technicians while working for Defendants.

13.     Defendant Tiffany Nails, LLC ("Tiffany Nails") is a Connecticut corporation registered and existing in the State of Connecticut, maintaining its headquarters and principal place of business at 349 Greenwich Avenue, Greenwich, Connecticut 06836.

14.     Upon information and belief, the amount of qualifying annual volume of business for Defendant Tiffany Nails exceeds $500,000.00 and thus subjects the business to the FLSA's coverage.

15.     Upon information and belief, Defendants have also engaged in interstate commerce and thus subjects the business to the FLSA's coverage.

16.     Upon information and belief, Defendant Jung Soon Paek ("J. Paek") is a Korean citizen of Connecticut and resides in Greenwich, Connecticut.  Upon information and belief, Defendant J Paek is the co-owner and Chief Executive Officer of Tiffany Nails.

17.     Defendant J. Paek's duties and responsibilities included hiring and firing employees, supervising and controlling employee schedules, determining the rate and method of payment of employee wages, and maintaining employment records.

18.     As such, Defendant J. Paek was in control of the company's operations and is thus personally liable for unpaid wages.

19.     Upon information and belief, Defendant Song Hak Paek ("S. Paek") is a Korean citizen of New York and resides in Jackson Heights, New York.  Upon information and belief, Defendant S. Paek is the co-owner and Chief Executive Officer of Tiffany Nails.

20.     Defendant S. Paek's duties and responsibilities included hiring and firing employees, supervising and controlling employee schedules, determining the rate and method of payment of employee wages, and maintaining employment records.

21.     As such, Defendant S. Paek was in control of the company's operations and is thus personally liable for unpaid wages.

22.     John Does 1-5 represent the currently unknown parent, subsidiary, or affiliate entities and/or individuals who jointly employed Plaintiffs along with Defendants for the

scheduling, hiring, termination, terms & conditions of employment, compensation and/or overall pay practices during the relevant time periods.

23.     Defendants are employers within the meaning of the FLSA, 29 U.S.C. §203(d).

24.     Defendants are employers within the meaning of Conn. Gen. Stat. §§31-58(f) and 31-71a(2).

25.     Defendants jointly employed Plaintiffs by employing or acting in the interest of the employer towards Plaintiffs, and directly or indirectly, jointly or severally, including without limitation, controlling and directing the terms of employment and compensation of Plaintiffs.

26.     At all relevant times, Defendants controlled all terms and conditions of Plaintiffs' employment, including but not limited to their hours and rates of pay.

## STATEMENT OF THE FACTS

27.     At all relevant times, the primary business of Tiffany Nails was to provide manicure, pedicure, massage, waxing services and to sell related goods/merchandise and products to customers of the salon.

28.     At all relevant times, Plaintiffs worked as nail technicians at Tiffany Nails located in Greenwich, Connecticut.

29.     Plaintiff Ms. Cana was employed by the Defendants as a nail technician from March 21, 2014 until August 21, 2015, when she was wrongfully terminated.

30.     Throughout her employment, Ms. Cana was earning between $35-$45 per day working on average ten (10) hours per day.

31.     Ms. Cana worked anywhere from 40-60 hours per week as an employee of the Defendants. However, throughout her tenure, she worked on average 50 hours per week (5 days per week).

32.     Plaintiff Maritza Paca ("Ms. Paca") was employed by the Defendants as a nail technician from February 2010 until August 22, 2015, when she was wrongfully terminated.

33.     Throughout her employment, Ms. Cana was earning between $55-$60 per day working on average ten (10) hours per day.

34.     Ms. Cana worked anywhere from 50-60 hours per week as an employee of the Defendants. However, throughout her tenure, she worked on average 55 hours per week (5-6 days per week).

35.     Plaintiffs were paid weekly in cash at the end of each workweek.

36.     During their employment with Defendants, Plaintiffs' primary responsibilities included but were not limited to: manicure, pedicure, wax and massage services to customers. Plaintiffs were also required to clean and maintain the premises and organize and receive the inventory delivered to the Defendants' place of business.

37.     Plaintiffs generally were not given a meal period of at least thirty (30) consecutive minutes. Moreover, most days Plaintiffs were given ten (10) minutes or less to eat lunch.

38.     At all relevant times, Defendants employed both Asian and Hispanic workers at their place of business. Defendants treated their Asian workers different from their Hispanic workers, including Plaintiffs, in almost all aspects of employment.

39.     On average Korean employees made more money per day than their similarly situated Hispanic employees. Upon information and belief, some Korean nail technicians were earning more than $100 per day as opposed to the Hispanic employees, who were earning on average $50 per day.

40.     Korean employees were granted longer meal breaks than the Hispanic workers. Korean employees were also allowed to use the kitchen facilities located on the first floor of

6

Defendants' nail salon. Conversely, Hispanic employees were routinely required to eat their lunch in under ten (10) minutes and did so in the basement, a much less desirable area to eat. Also, Hispanic employees were never allowed to eat their lunch in the kitchen area.

41.     During the winter months, Plaintiffs were required to shovel the snow outside of the salon. However, Korean employees were never required to do this.

42.     Plaintiffs were also subjected to harassment by their Korean co-workers throughout their entire tenure with Defendants. For example, Plaintiffs were routinely told by management that they are "useless" and that "Hispanics don't know how to do shit right."

43.     During their employment with Defendants, Plaintiffs were required to work, on average, between forty-five (45) and sixty-five (65) hours per workweek.

44.     The Defendants have been responsible for scheduling the Plaintiffs for work and determining the number of days per week each Plaintiff worked in a given week.

45.     Defendants paid Plaintiffs with a flat shift-rate (day rate) of pay ranging from $35.00 to $60.00 for each day of work. Each day of work consisted of approximately ten (10) hours.

46.     At the commencement of employment, Defendants did not provide Plaintiffs with a written statement of the rate of remuneration, wage payment schedules and hours of employment as required by Conn. Gen. Stat. § 31-71f.

47.     Plaintiffs never had any influence or say over their rate of pay per day.

48.     Under Connecticut law, employers that wish to take a "tip credit" must have employees sign a weekly written statement attesting that they earned enough in tips that week to cover the tip credit. If an employee does not meet the minimum wage at the end of each for all hours worked, the employer must pay the difference.

49.     Each week Defendants required Plaintiffs to sign such tip/wage verification form that indicated that in total, including wages and tips, Plaintiffs earned at least the minimum wage for all hours worked. However, such wage forms were written in Korean and/or English.

50.     Moreover, Defendants required Plaintiffs to sign such forms although they knew Plaintiffs did not understand the contents and that Plaintiffs did not in fact earn enough to meet the minimum wage required under Connecticut General Law.

51.     This was all done in order to discriminate against Plaintiffs and to hide the fact that Plaintiffs were paid less than what is statutorily required under both Federal and State law.

52.     Defendants also took from Plaintiffs, more than 50% of their total weekly and/or daily tips. At the end of each day, Defendants would require Plaintiffs to hand over a considerable amount of their earned tips.

53.     Although Defendants informed Plaintiffs that they were to be paid on a day shift-rate basis, Defendants never correctly compensated Plaintiffs by paying their statutorily required overtime pay and minimum wage rate.

54.     All Defendants have been aware of their payroll practice and were consciously disregarding the requirements of the FLSA and Connecticut General Law.

55.     These day-rates did not accurately reflect the agreed upon rates of pay and/or the number of hours actually worked by each Plaintiff per workweek.

56.     All Defendants have been knowingly and willfully paying Plaintiffs a day-rate for hours worked over forty (40) rather than an hourly rate, which deprived them of statutorily mandated overtime.

57.     All Defendants have also been knowingly and willfully depriving Plaintiffs the statutorily mandated minimum wage.

## CAUSES OF ACTION

### AS AGAINST ALL DEFENDANTS BY ALL PLAINTIFFS

**First Cause of Action**
**for Violation of the Fair Labor Standards Act, 29 U.S.C. §§ 206**
**(Minimum Wage Claim)**

58.     Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

59.     Defendants willfully failed to pay Plaintiffs at least the federal minimum wage for all hours worked in violation of the FLSA.

60.     Defendants willfully failed to pay Plaintiffs at least the federal minimum wage for all hours worked in a workweek where Plaintiffs salary in addition to their compensable tips were below the required minimum wage in violation of the FLSA.

61.     Defendants have engaged in a widespread pattern and practice of violating the FLSA, as detailed in the Complaint.

62.     Plaintiffs consent in writing to be a party to this action, pursuant to 29 U.S.C. § 216(b).

63.     The overtime wage provisions set forth in 29 U.S.C. §§201, *et seq.*, apply to Defendants.

64.     Because Defendants' violations of the FLSA lacked good faith, a three-year statute of limitations applies pursuant to 29 U.S.C. §255.

65.     As a result of Defendants' FLSA violations, FLSA Plaintiffs are entitled to recover from Defendants: (a) minimum wage compensation; (b) an additional, equal amount as liquidated damages for Defendants' willful violations of the FLSA; and, (c) reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. §216(b).

**Second Cause of Action**
**for Violation of the Fair Labor Standards Act, 29 U.S.C. §§ 207**
**(Overtime Claim)**

66.     Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

67.     Defendants have a policy and practice of paying a shift rate of pay in lieu of an hourly rate and overtime.  Said shift pay did not accurately reflect overtime pay due to Plaintiffs in accordance with the FLSA.

68.     As a result of Defendants' willful failure to compensate Plaintiffs at a rate not less than one and one-half times the regular rate of pay for work performed in excess of forty (40) hours in a workweek, Defendants have violated, and continue to violate, the FLSA.

69.     Because Defendants' violations of the FLSA lacked good faith, a three-year statute of limitations applies pursuant to 29 U.S.C. §255.

70.     As a result of Defendants' FLSA violations, FLSA Plaintiffs are entitled to recover from Defendants: (a) overtime compensation; (b) an additional, equal amount as liquidated damages for Defendants' willful violations of the FLSA; and, (c) reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. §216(b).

**Third Cause of Action**
**for Violation of 42 U.S.C. § 1981**
**(Racial Discrimination)**

71.     Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

72.     The conduct and actions of Defendants in subjecting Plaintiffs, former Hispanic employees of Defendants, to discrimination in the terms and conditions of their employment, were motivated by animus because of Plaintiffs' race and/or ethnicity and caused Plaintiffs specific and

10

serious compensatory injuries, including by not limited to, pain and suffering, in direct violation of 42 U.S.C. § 1981.

73.      Defendants' discriminatory conduct and animus based on race and/or ethnicity was willful and intentional.

74.      As a result of Defendants' violations, Plaintiffs are entitled to relief pursuant to 28 U.S.C. § 1343(4).

**Fourth Cause of Action**
**(State Minimum Wage Claim)**

75.      Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

76.      Defendants failed to pay Plaintiffs the minimum wage for all hours worked in a workweek in violation of Conn. Gen. Stat, § 31-71(b).

77.      Defendants required Plaintiffs to perform uncompensated work in violation of Conn. Gen. Stat, § 31-72.

78.      Accordingly, Plaintiffs are entitled to relief pursuant to Conn. Gen. Stat, § 31-72.

**Fifth Cause of Action**
**(State Overtime Claim)**

79.      Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

80.      Defendants failed to pay Plaintiffs at least one and on half times their regular rate for hours worked over forty per workweek in violation of Conn. Gen. Stat, § 31-71(b).

81.      Accordingly, Plaintiffs are entitled to relief pursuant to Conn. Gen. Stat, § 31-72.

**Sixth Cause of Action**
**(State Law Unjust Enrichment)**

82.     Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

83.     Defendants failed to pay monies owed to Plaintiffs for wages and tips.

84.     Defendants have been unjustly enriched by this failure and justice requires that Defendants pay Plaintiffs for such monies owed.

85.     Accordingly, Plaintiffs are entitled to relief under the common law of the State of Connecticut.


**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs demand judgment against Defendants as follows:

86.     Equitable tolling of the FLSA statute of limitations as a result of the Defendants' failure to post requisite notices under the FLSA;

87.     Demand a jury trial on these issues to determine liability and damages;

88.     Preliminary and permanent injunctions against Defendants and their officers, owners, agents, successors, employees, representatives, and any and all persons acting in concert with them, from engaging in each of the unlawful practices, policies, customs, and usages set forth herein;

89.     A judgment declaring that the practices complained of herein are unlawful and in violation of the Fair Labor Standards Act, 29 U.S.C. §§ 201-219, 42 U.S.C. § 1981 and Connecticut General Law (overtime and minimum wage);

90.     All damages which Plaintiffs have sustained as a result of Defendants' conduct, including back pay, liquidated damages, front pay, general and special damages for lost compensation and job benefits they would have received but for Defendants' improper practices;

91.     A judgment in favor of Plaintiffs for compensatory damages for unlawful discrimination under 42 U.S.C. § 1981.

92.     An award to the Plaintiffs of pre-judgment interest at the highest applicable rate, from and after the date of service of the initial complaint in this action, on all unpaid wages from the date such wages were earned and due;

93.     An award to the Plaintiffs representing Defendants' share of FICA, FUTA, state unemployment insurance and any other required employment taxes;

94.     An award to the Plaintiffs for the amount of unpaid wages, including interest thereon, and penalties subject to proof;

95.     Awarding Plaintiffs their costs and disbursements incurred in connection with this action, including reasonable attorneys' fees, expert witness fees, and other costs;

96.     Pre-judgment and post-judgment interest, as provided by law; and

97.     Granting Plaintiffs other and further relief as this Court finds necessary and proper.


Dated:  March 29, 2016
        Stratford, CT


                                        Respectfully Submitted,

                                        MITCHELL & SHEAHAN, P.C.
                                        80 Ferry Blvd., Suite 216
                                        Stratford, CT 06615
                                        203-873-0240


                                        _____/s/_____
                                        Gary Phelan (CT03670)

13

VALLI KANE & VAGNINI, LLP
600 Old Country Road, Suite 519
Garden City, New York 11530
516-203-7180
Robert J. Valli, Jr. (RV-9995)
Matthew L. Berman (MB-0707)