### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| ANA CANA AND MARITZA PACA | Case No. 3:16-cv-00503-JCH |
| Plaintiffs, | |
| v. | |
| TIFFANY NAILS, LLC AND SONG HAK PAEK | DECEMBER 16, 2016 |
| Defendants. | |

### MOTION TO APPROVE SETTLEMENT

The undersigned defendants, TIFFANY SPA AND NAILS, INC. d/b/a TIFFANY NAILS and JUNG SOON PAEK (a/k/a - JUNG SOON CHUNG) in the above-entitled matter, hereby move for an order approving the settlement reached in this wage and hour case under the Fair Labor Standards Act ("FLSA"). In support of this motion, the defendants state as follows:

1.  The plaintiffs, Ms. Paca and Ms. Cana, are former employees of Tiffany Nails, a nail salon. Through counsel, they asserted FLSA claims concerning their wages.

2.  In settlement of this matter, the defendants have agreed to pay $14,000 to Ms. Paca, $11,000 to Ms. Cana, and $13,000 to their counsel for attorney's fees and costs. A copy of the fully executed settlement agreement is attached hereto as Exhibit

A. The settlement agreement, by its express terms, is conditioned on approval by the Court.

   3.   The defendants have tendered the settlement payments to the plaintiffs' counsel, which are to be held in escrow pending the Court's approval of the settlement.

   4.   While the settlement agreement contains general releases, this Court should approve the settlement based on the sound reasoning set forth in a recent decision in this Circuit:

> Unlike the courts that have rejected similar general release language in FLSA settlements, I am inclined to allow for a general release of the kind proposed here, at least in this case, with certain modifications discussed below. In my experience, parties come to a settlement conference in a wage-and-hour case hoping to achieve a resolution of all claims, including any other claims that they may have against each other (whether pled or unpled in the complaint or in any counterclaims) so that they do not have to litigate against each other in the future. <u>A general release of the kind proposed in this case, with former employees who have no ongoing relationship with the employer, makes sense in order to bring complete closure.</u> At settlement conferences (including the one in this case), counsel for both employees and employers stress the importance of these release terms. Indeed, in some cases an employee has identified other (previously unpled) claims and will accordingly obtain a higher settlement as a result of agreeing to a general release. <u>Accordingly, the Court is willing to approve the release terms of the settlement in this case, with the modification that the release be *mutual* in all respects.</u> A mutual release will ensure that both the employees and the employer are walking away from their relationship up to that point in time without the potential for any further disputes. It is just as necessary for employees to obtain a release from the employer in these circumstances, otherwise they could still face the threat of litigation. <u>This result is consistent with the goals of a fair and just settlement.</u>

Souza v. 65 St. Marks Bistro, No. 15-CV-327 (JLC), 2015 WL 7271747, at *5 (S.D.N.Y. Nov. 6, 2015) (underlined emphasis added, italicized emphasis in original).

5.  Here, the parties, who are no longer involved in an ongoing employment relationship and are seeking to part ways completely, have already agreed to, and executed, releases that are <u>mutual</u> in all respects.

6.  The settlement in this case is fair and just and should be approved.

WHEREFORE, the defendants request that the Court enter an order approving the settlement set forth in Exhibit A.

THE DEFENDANTS,

By:   */s/ Stephen P. Fogerty*
Stephen P. Fogerty
HALLORAN & SAGE, LLP
Fed. Bar #ct 01398
315 Post Road West
Westport, CT  06880
(203) 227-2855
fogerty@halloransage.com

## CERTIFICATION OF SERVICE

I hereby certify that on December 16, 2016, a copy of foregoing Notice of Appearance was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

/s/   Stephen P. Fogerty
Stephen P. Fogerty